**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA 57501-2463

IRVIN N. HOYT
BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560
FAX (605) 224-9020

August 24, 2005

Lee Ann Pierce,
Chapter 7 Trustee
Post Office Box 524
Brookings, South Dakota  57006

Douglas P. Cummings, Jr., Esq.
Counsel for Debtors
315 No. Main, #300
Sioux Falls, South Dakota  57102

    Subject: *In re James H. and Sarah M. Stokke*,
                Chapter 7, Bankr. No. 05-40158

Dear Trustee and Counsel:

    The matter before the Court is Trustee Lee Ann Pierce's Motion to Approve Settlement of Objection to Claimed Exemptions. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c). As discussed below, the Motion will be denied without prejudice.

    *Summary*. In their Chapter 7 bankruptcy case, James H. and Sarah M. Stokke ("Debtors") scheduled real property, their homestead, and valued it at $38,900.00. Debtors stated Home Federal Bank ("Bank") had a secured claim against it for $5,800.00 and Minnehaha County had a county aid lien against it for $800.00. Debtors' schedule of unsecured creditors also included as judgment holders Accounts Management for $2,935.00 and $222.00, Action Professional Services for $600.00, Credit Management Services, Inc., for $121.00, Hauge Associates for $681.59, and Norberg Paints for $186.00. These judgment creditors' claims totaled $4,745.59. It is unknown whether any other creditors hold judgments.

    Proofs of claim were filed timely by nine creditors; their claims totaled $15,731.73. Of the judgment creditors who were scheduled, only Accounts Management and Hauge Associates filed a

Re: James H. & Sarah M. Stokke
August 24, 2005
Page 2

proof of claim, noting their judgments.[1] Minnehaha County filed a proof of claim and noted its statutory lien.

Early in the case, Debtor reaffirmed her mortgage debt with the Bank.[2] As provided by the agreement, Debtor still owed the Bank $4,342.51. In the agreement, the Bank and Debtors stated the home was worth $36,441.00.

Debtors claimed their homestead exempt. They valued the exemption at $33,687.00. Trustee Lee Ann Pierce filed an objection because Debtors' exemption claim exceeded the $30,000.00 allowed under state law. The objection was sustained without opposition from Debtors. Accordingly, all equity in the Debtors' home in excess of $30,000.00 remained property of the bankruptcy estate.

On July 12, 2005, Trustee Pierce filed a Motion to Approve Settlement of Objection to Claimed Exemptions ("settlement motion").[3] In the settlement motion, she stated:

> Debtors shall pay to the Trustee the sum of Four Thousand Dollars ($4,000), which payment shall resolve and end all issues outstanding as raised by the objection to claimed exemptions.

---

[1] A judgment creditor's failure to file a proof of claim, by itself, does not affect his judgment lien. Fed.R.Bankr.P. 3002(a). Generally, a discharge of debts operates as an injunction against any attempt to collect against the debtor personally (*in personam*). 11 U.S.C. § 524(a)(2). A discharge, without more, does not affect a creditor's *in rem* rights regarding its collateral. See *Johnson v. Home State Bank*, 501 U.S. 78, 83, 111 S.Ct. 2150, 2153-54, 115 L.Ed.2d 66 (1991), and *Long v. Bullard*, 117 U.S. 617, 620-21, 6 S.Ct. 917, 918, 29 L.Ed. 1004 (1886)(cited in *Harmon v. United States*, 101 F.3d 574, 579 (8th Cir. 1996)).

[2] In reviewing the file, the Court noted that although Debtor's counsel had not signed the agreement, a hearing on the agreement had not yet been set as required by 11 U.S.C. § 524(d). A hearing was set by separate order.

[3] Technically, Trustee Pierce's objection to Debtors' claimed homestead exemption was fully resolved when the order sustaining that objection was entered May 3, 2005. The settlement motion was actually a motion regarding the disposition or sale of the estate's equity in the homestead.

Re: James H. & Sarah M. Stokke
August 24, 2005
Page 3

No objections to the settlement motion were filed. The Court, however, referencing its letter decision in *In re Joel A. Humpal*, Bankr. No. 05-40048, slip op. (Bankr. D.S.D. Aug. 11, 2005), asked Trustee Pierce to supplement her settlement motion or withdraw it. The request was made because it appeared Trustee Pierce was actually proposing to sell to Debtor for $4,000.00 any equity in Debtor's home above their $30,000 homestead exemption. If she were selling the equity, it was unclear from the settlement motion what effect the sale would have on other encumbrances. Further, the source of the home's value was not set forth.

Trustee Pierce filed a supplement to her settlement motion on August 12, 2005. She stated the Bank's valuation of $36,441.00 was based on the current assessed value for tax purposes.[4] Trustee Pierce also said she thought the home was worth more than the $38,900.00 value Debtor's scheduled but she did not say how much more. Trustee Pierce further stated:

> Schedule F lists $4,745 in Judgments and the Debtors owe their secured creditor $6,600. The Trustee and the Debtor entered into an agreement to resolve the claim for $4,000. Based upon information and belief, the Trustee would state that the secured creditor is aware of this agreement and of the intent of the parties to resolve the claim with all encumbrances still attached, because the Debtors refinanced their home to obtain the $4,000 which has been paid to the bankruptcy estate, and to obtain some additional funds they needed for home repairs. Because the amount owed on the home mortgage is minimal, no appraisal was required for the refinancing and the Trustee does not believe that the cost of an appraisal would be a reasonable expense to the estate based upon the numbers set forth above. The home's equity is being transferred back to the Debtors with all encumbrances still attached.

Because her response did not allay all concerns and because it raised one additional concern, the matter was taken under advisement.

*Discussion*. For two reasons, the settlement motion will not

---

[4] According to the office of the Minnehaha County's Director of Equalization, the assessed value on November 1, 2004, for taxes payable in 2005 was $37,943.00.

Re: James H. & Sarah M. Stokke
August 24, 2005
Page 4

be approved. First, the settlement motion did not provide sufficient information about the proposed transaction. Trustee Pierce stated the Bank understood she was selling any equity in the home back to Debtors and all encumbrances would remain attached to the realty. The judgment and statutory lien holders, however, likely did not know that because the settlement motion did not so inform them. 11 U.S.C. § 363, Fed.Rs.Bankr.P. 2002(a)(2), 2002(c)(1), and 6004, and Local Bankr. R. 6004-1

Second, after their petition was filed, Debtors may have encumbered bankruptcy estate property. As noted above, once Trustee Pierce's objection to Debtors' homestead exemption was sustained, any equity in Debtors' home above $30,000.00 remained estate property. When Debtors refinanced their home to get $4,000.00 to pay Trustee Pierce and additional cash for repairs, they may have encumbered the estate's equity. Since they had no interest in that equity, they had neither the authority nor the ability to encumber it. See 11 U.S.C. §§ 364 and 549(a)(2)(B). While there may be no value to the estate in avoiding that post-petition transfer, any assessment of the amount of equity in the property over encumbrances should be considered as of the petition date, which would not include the post-petition encumbrance.

An order denying the settlement motion will be entered. Trustee Pierce will need to file, notice, and serve a sale motion that informs creditors that any equity in the home is being sold to Debtors and that all encumbrances will remain attached to the realty.

I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

AUG 2 4 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

CC: case file (docket original; serve parties in interest)

Douglas P. Cummings Jr.
East River Legal Services
335 N Main Ave #300
Sioux Falls, SD 57104


Fite & Pierce Law Office
PO Box 524
Brookings, SD 57006


Bruce J. Gering
Office of the U.S. Trustee
230 S Phillips Ave, Suite 502
Sioux Falls, SD 57104-6321


Lee Ann Pierce
Trustee
PO Box 524
Brookings, SD 57006


James H. Stokke
712 S. Side Street
Valley Springs, SD 57068


Sarah M. Stokke
712 S. Side Street
Valley Springs, SD 57068